[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on September 10, 1971 at Fort Lauderdale, Florida. Both parties have resided in this state since 1979. There is one minor child issue of the marriage, Christopher Long born November 30, 1980.
The evidence presented at trial has clearly established the allegation that the marriage has broken down irretrievably. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in46b-81, 46b-82, 46b-62 and 46b-56 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 21 years. The plaintiff, who is in good health, is aged 43 years. Throughout most of the marriage the plaintiff assumed the traditional role of homemaker taking care of the parties two children, her home and husband. In 1991 the plaintiff completed a six month course at Katherine Gibbs but to date, she has been unable to find gainful employment. Basically, the plaintiff has been out of the labor market for the past 21 years except for six months as a "Gofor" at the Stamford Bank and two years as a weigher for Weight Watchers. The realities of the situation are that the plaintiff must find some employment to supplement the financial awards that follow. The wife's earning capacity is not known at this time.
The husband is 51 years of age and is in an executive position with Champion. His gross salary is $104,100 per year, plus CT Page 5824 bonuses. In 1991 the husband received a bonus of $12,800 which has been completely expended at this time. The husband anticipates a bonus of approximately $7,600 for 1992, to be paid in February 1993.
The plaintiff claims the break down of the marriage started several years ago. She painted the defendant as a domineering husband and a tough father. The plaintiff felt the marriage was over in 1987 when the parties took separate vacations. The parties did try counseling as well as a second honeymoon and a trip to Arizona but to no avail. Both parties felt the marriage was broken down prior to the wife's infidelity with Mr. Sullivan.
Both parties were unhappy in the marriage and the court finds no useful purpose would be served in reviewing all the evidence presented concerning the breakdown of this marriage. The court declines to assess fault to either party.
Custody and Visitation
The parties have agreed on joint custody of the minor child with physical custody and residence with the plaintiff mother, and it is so ordered.
The defendant shall have reasonable, liberal and flexible visitation with the minor child with 48 hours notice to the plaintiff.
Real Estate
1. The premises at 98 Chatham Road, Stamford, Connecticut shall be listed for sale at an amount agreed upon between the parties no later than June 30, 1995. If the parties are unable to agree upon a listing price, then each party shall select a licensed real estate broker in the City of Stamford and said two licensed real estate brokers shall pick a third and thereafter a listing price shall be determined.
2. After payment of the first mortgage, real estate Commission, attorney's fees and usual closing costs, the net proceeds shall be divided 60% to the wife and 40% to the husband.
Until such time as the home is sold, the plaintiff shall be responsible for the mortgage, taxes, insurance and utilities and normal maintenance expenses.
3. Any major repair in excess of $350.00 or any capital improvement shall be shared 60% by the plaintiff and 40% by the defendant. The defendant shall be consulted before any major repair or capital improvement is undertaken, except in the case of CT Page 5825 an emergency. In the event of a dispute the plaintiff's decision shall be final.
4. The court reserves jurisdiction over any disputes arising out of the sale of the premises.
Alimony and Child Support
1. Commencing July 1, 1992 the husband shall pay to the wife as unallocated alimony and child support the sum of $2,750 per month until the wife's remarriage, her death, the death of the husband or the wife's cohabitation as defined by statute or December 1, 1998 whichever event shall first occur.
2. Thereafter, the husband shall pay to the wife the sum of one dollar ($1.00) a year as alimony until the wife's remarriage, her death, the death of the husband or the wife's cohabitation as defined by statute or December 30, 2002, whichever event shall first occur, at which time alimony shall terminate.
3. The pendente lite orders shall remain in effect through June 30, 1992.
4. By way of further alimony, the wife shall be entitled to 25% of the husband's gross annual bonus commencing with the 1992 bonus paid in 1993 and ending with the 1998 bonuses paid in 1999.
5. To encourage the plaintiff to seek and obtain gainful employment, it is ordered that their shall be no request for a modification of the unallocated award of alimony and child support unless the plaintiff is earning in excess of $32,500 per year.
An immediate withholding is ordered.
Pension
The plaintiff shall be entitled to a QDRO of one-half of the amount of the defendant's pension as of this date.
Other Property
(1) The plaintiff shall be entitled to one-half of the defendant's 401(K) savings plan and one-half of the defendant's IRA at Paine-Webber.
(2) The plaintiff shall be entitled to the remaining assets as listed in her financial affidavit if not otherwise disposed of herein.
(3) The defendant shall be entitled to his 10% interest in CT Page 5826 the Florida Group Trust, the Champion stock, SARS, Carlyle Real Estate and the remaining assets as listed in his financial affidavit if not otherwise disposed of herein.
(4) The husband shall be entitled to the 1989 Mercury Cougar motor vehicle and the wife shall be entitled to the 1989 Volkswagen. The wife shall be responsible for the loan on the Volkswagen motor vehicle and shall hold the husband harmless on this loan.
(5) The husband shall be entitled to his family heirloom shot gun.
Personal Property
The parties shall divide their personal property as they shall agree. If the parties are unable to agree, they are referred to Family Services for mediation. If mediation is unsuccessful, the parties shall return to court for further orders after a hearing thereon.
Medical Insurance
1. The defendant shall be responsible for maintaining and providing health/hospitalization insurance for the benefit of the minor child until such time as the child attains the age of 18, becomes emancipated or dies whichever event shall first occur.
2. The parties shall equally share all unreimbursed medical, dental, hospital, orthodontic, prescriptions, psychiatric or psychological and eye exams for the minor child.
3. The plaintiff shall be entitled to COBRA benefits through the defendant's medical plan at the plaintiff's expense. The defendant shall make any and all arrangements necessary to ensure the COBRA benefits for the plaintiff. The plaintiff shall be responsible for any additional costs. The plaintiff shall be entitled to said benefits for 36 months or until she obtains coverage through her employment, whichever event shall first occur.
Life Insurance
1. The defendant shall name the wife as irrevocable beneficiary of $100,000 of life insurance for so long as he has an obligation to pay alimony. This provision shall be modifiable.
2. The defendant shall name the minor child as irrevocable beneficiary of $100,000 of life insurance for so long as the defendant has an obligation for child support. This provision shall be modifiable. CT Page 5827
Arrearage
The parties are referred to Family Relations to compute the arrears arising out of the pendente lite orders. The court retains jurisdiction to enter appropriate orders with respect to the pendente lite arrears.
Miscellaneous
The defendant shall hold the plaintiff harmless from any liability arising out of the joint tax returns filed by the parties.
Attorney's Fees
The plaintiff is awarded attorney's fees in the amount of $7,500.
COPPETO, J.